UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.:  5:08-CR-176-F

UNITED STATES OF AMERICA          .
                                  .
           v.                     .  January 5, 2009
                                  .  Wilmington, NC
RODOLFO PUGA SANCHEZ              .
                                  .
              DEFENDANT           .
. . . . . . . . . . . . . . .

RULE 11 HEARING
BEFORE THE HONORABLE JAMES C. FOX
SENIOR UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:  TIMOTHY SEVERO,
                     SPECIAL ASSISTANT UNITED STATES ATTORNEY
                     UNITED STATES ATTORNEY'S OFFICE
                     310 NEW BERN AVENUE, SUITE 800
                     RALEIGH, NC 27601-1461




For the Defendant:   R. ANDREW MCCOPPIN, ESQUIRE
                     MCCOPPIN & ASSOCIATES, P.A.
                     1250 S.E. MAYNARD ROAD, SUITE 202
                     CARY, NC 27511




Court Reporter:      STACY SCHWINN, CCR, CVR
                     P.O. BOX 1611
                     WILMINGTON, NC 28402
                     (910) 431-4502



Proceedings recorded by stenomask, transcript produced from
dictation.

1          P R O C E E D I N G S          9:03 A.M.

2          (DEFENDANT PRESENT.)

3          THE COURT:  PLEASE BE SEATED.

4          **CARLOS PEREZ, INTERPRETER, SWORN**

5          (DEFENDANT REQUIRES SERVICES OF AN INTERPRETER.)

6          THE COURT:  LADIES AND GENTLEMEN, THE CALENDAR WILL

7  BE CALLED AT THIS TIME TO DETERMINE IF ALL DEFENDANTS AND

8  THEIR ATTORNEYS ARE PRESENT.  EACH ATTORNEY SHOULD IDENTIFY

9  HIMSELF AND INDICATE WHETHER OR NOT HIS CLIENT IS IN THE

10 COURTROOM.

11         IF A DEFENDANT DOES NOT HAVE AN ATTORNEY OR IF HIS

12 ATTORNEY IS NOT PRESENT, THE DEFENDANT SHOULD ANSWER WHEN HIS

13 NAME IS CALLED.

14         AFTER THE CALENDAR HAS BEEN CALLED DEFENDANTS AND

15 THEIR ATTORNEYS SHOULD REMAIN IN THE COURTROOM SO THAT THE

16 COURT MAY EXPLAIN TO EACH DEFENDANT HIS RIGHT TO A JURY TRIAL

17 AND THE CONSEQUENCES OF PLEADING GUILTY.

18         AFTER THE COURT COMPLETES SUCH EXPLANATION, EACH

19 DEFENDANT AND HIS ATTORNEY -- I'M SORRY.

20         EACH DEFENDANT AND HIS ATTORNEY SHOULD REMAIN IN THE

21 COURTROOM UNTIL THE DEFENDANT'S CASE IS CALLED FOR THE PURPOSE

22 OF ENTERING THE DEFENDANT'S PLEA, EITHER GUILTY OR NOT GUILTY.

23         EACH DEFENDANT PLEADING GUILTY WILL BE SWORN AND

24 WILL BE QUESTIONED INDIVIDUALLY UNDER OATH PRIOR TO THE

25 COURT'S ACCEPTANCE OF THE GUILTY PLEA.

1       THE DEFENDANT WILL BE ASKED IF HE UNDERSTANDS HIS
2  RIGHTS TO A JURY TRIAL AND IF HE DOESN'T THE COURT WILL
3  EXPLAIN SUCH RIGHT AGAIN.
4       THE DEFENDANT MAY CONFER WITH HIS ATTORNEY BEFORE
5  ANSWERING ANY QUESTIONS.
6       ADDITIONALLY, AT THE TIME EACH DEFENDANT'S CASE IS
7  CALLED, THE ATTORNEY FOR THE GOVERNMENT ASSIGNED TO HANDLE THE
8  CASE SHALL STATE FOR THE RECORD WHETHER OR NOT THE CASE
9  INVOLVES A CRIME VICTIM AND WHETHER OR NOT THE VICTIM WISHES
10 TO EXERCISE HIS OR HER RIGHT OF ALLOCUTION.
11      COUNSEL, OR THE DEFENDANT IF APPROPRIATE, SHOULD
12 ANSWER WHEN THE DEFENDANT'S NAME IS CALLED.
13      (CALENDAR CALL NOT TRANSCRIBED.)
14      THE COURT:  EACH DEFENDANT SHOULD PAY CLOSE
15 ATTENTION TO WHAT THE COURT IS ABOUT TO SAY, IT WILL BE AN
16 IMPORTANT PART OF EACH DEFENDANT'S CASE AND EACH DEFENDANT
17 WILL BE ASKED IF HE HEARD AND UNDERSTOOD THE COURT'S COMMENTS.
18
19      I NOW ADVISE EACH DEFENDANT AS FOLLOWS; IF YOU ARE
20 ACCUSED OF A FELONY YOU HAVE THE CONSTITUTIONAL RIGHT TO BE
21 CHARGED BY INDICTMENT BY A GRAND JURY.  UNLESS YOU WAIVE
22 INDICTMENT, YOU MAY NOT BE CHARGED WITH A FELONY.
23      TO BE INDICTED BY THE GRAND JURY IT MUST FIND THAT
24 THERE IS PROBABLE CAUSE TO BELIEVE THAT YOU HAVE COMMITTED A
25 CRIME.

1          A GRAND JURY IS COMPOSED OF 16 TO 23 PERSONS, AND AT

2 LEAST 12 GRAND JURORS MUST FIND THAT THERE IS PROBABLE CAUSE

3 TO BELIEVE THAT YOU COMMITTED THE CHARGED CRIME BEFORE YOU MAY

4 BE INDICTED.

5          YOU MAY WAIVE THE RIGHT TO GRAND JURY INDICTMENT AND

6 CONSENT TO BEING CHARGED BY INFORMATION OF THE UNITED STATES

7 ATTORNEY.

8          IF YOU DO NOT WAIVE INDICTMENT THE GOVERNMENT MAY

9 PRESENT THE CASE TO THE GRAND JURY AND REQUEST IT TO INDICT

10 YOU.  THE GRAND JURY MIGHT OR MIGHT NOT DO SO.

11          IF YOU WAIVE GRAND JURY INDICTMENT THE CASE WILL

12 PROCEED AGAINST YOU BASED ON THE UNITED STATES ATTORNEY'S

13 INFORMATION JUST AS THOUGH YOU HAD BEEN INDICTED.

14          IN ADDITION TO THE RIGHT TO BE CHARGED BY AN

15 INDICTMENT, THE CONSTITUTION AND LAWS OF THE UNITED STATES

16 GIVE YOU THE RIGHT TO A JURY TRIAL WITH RESPECT TO THE CHARGES

17 AGAINST YOU.

18          IN THAT REGARD YOU SHOULD CONSIDER THE FOLLOWING;

19 FIRST, AT A JURY TRIAL YOU WOULD BE PRESUMED TO BE INNOCENT.

20 THE GOVERNMENT WOULD BE REQUIRED TO PROVE YOUR GUILT BY

21 COMPETENT EVIDENCE AND BEYOND A REASONABLE DOUBT BEFORE YOU

22 COULD BE FOUND GUILTY.  YOU WOULD NOT HAVE TO PROVE THAT YOU

23 WERE INNOCENT.

24          WITNESSES FOR THE GOVERNMENT WOULD HAVE TO COME TO

25 COURT AND TESTIFY IN YOUR PRESENCE.  YOUR LAWYER COULD CROSS-

1 EXAMINE THOSE WITNESSES, OBJECT TO EVIDENCE OFFERED BY THE

2 GOVERNMENT, AND OFFER EVIDENCE ON YOUR BEHALF.

3        THIRD, YOU WOULD HAVE THE RIGHT TO USE THE SUBPOENA

4 POWER OF THE COURT TO MAKE WITNESSES COME TO COURT ON YOUR

5 BEHALF WHETHER THEY WANTED TO COME OR NOT.

6        FOURTH, YOU WOULD HAVE THE RIGHT TO TESTIFY IF YOU

7 CHOSE TO DO SO.  YOU ALSO WOULD HAVE THE RIGHT NOT TO TESTIFY,

8 AND NO INFERENCE OR SUGGESTION OF GUILT COULD BE DRAWN FROM

9 THE FACT THAT YOU DID NOT TESTIFY.

10        IF YOU PLEAD GUILTY, YOU WILL WAIVE YOUR RIGHT TO A

11 JURY TRIAL.  INSTEAD OF A TRIAL YOU WILL BE JUDGED GUILTY AND

12 YOU WILL BE SENTENCED ON THE BASIS OF YOUR GUILTY PLEA IN

13 CONSIDERATION OF THE FACTORS LISTED IN TITLE 18 UNITED STATES

14 CODE SECTION 3553(a) TAKING INTO ACCOUNT THE ADVISORY FEDERAL

15 SENTENCING GUIDELINES.

16        PRIOR TO TODAY, YOU AND YOUR ATTORNEY SHOULD HAVE

17 DISCUSSED THE APPLICABILITY OF THOSE STATUTORY SENTENCING

18 FACTORS INCLUDING THE ADVISORY SENTENCING GUIDELINES TO YOUR

19 CASE AND THE POTENTIAL EFFECT UPON YOUR SENTENCE.

20        IF YOU HAVE NOT DISCUSSED THE SENTENCING FACTORS

21 WITH YOUR ATTORNEY YOU SHOULD SO ADVISE THE COURT WHEN YOUR

22 CASE IS CALLED.

23        I ADVISE YOU THAT YOUR ATTORNEY'S CALCULATION OF

24 YOUR ANTICIPATED SENTENCE IS ONLY AN ESTIMATE AND THAT IT IS

25 SOLELY THE COURT THAT WILL DETERMINE YOUR SENTENCE.

1          THE COURT'S APPLICATION OF THE SENTENCING FACTORS TO

2 YOUR CASE WILL BE MADE AFTER A PRESENCE REPORT HAS BEEN

3 COMPLETED AND YOU AND THE GOVERNMENT HAVE HAD AN OPPORTUNITY

4 TO CHALLENGE THE FACTS AS REPORTED BY THE PROBATION OFFICER.

5          THE NATURE OF THE CHARGE TO WHICH YOU PLEAD GUILTY

6 IS VERY IMPORTANT BECAUSE IT WILL DETERMINE, IN LARGE DEGREE,

7 THE TERMS OF YOUR SENTENCE.

8          THUS, THE UNITED STATES ATTORNEY SUBSTANTIALLY

9 CONTROLS YOUR SENTENCE BY SELECTING THE OFFENSE FOR WHICH YOU

10 ARE CHARGED, AND THAT CHARGING DECISION IS MADE IN THE

11 PROSECUTORIAL OFFICE.  IT IS NOT A MATTER OF RECORD OR SUBJECT

12 TO ANY JUDICIAL APPEAL.

13          ONCE THE PRESENCE REPORT HAS BEEN PREPARED AND

14 THE COURT HAS RECEIVED ANY OBJECTIONS YOU OR THE COURT (SIC)

15 MAY MAKE, THE COURT WILL EXERCISE ITS SENTENCING DISCRETION IN

16 DETERMINING YOUR SENTENCE.  YOUR SENTENCE IS NOT SUBJECT TO

17 PAROLE.

18          THE COURT IS OBLIGATED TO EXAMINE CAREFULLY YOUR

19 PLEA AGREEMENT WITH THE GOVERNMENT TO BE SURE THAT THE

20 AGREEMENT CONFORMS TO THE OBJECTIVES OF SENTENCING.

21          THAT IS, OF IMPOSING A SENTENCE WITHIN THE

22 PARAMETERS OF YOUR STATUTE OF CONVICTION THAT IS APPROPRIATE

23 TO THE SERIOUSNESS OF YOUR ACTUAL OFFENSE BEHAVIOR AND YOUR

24 PAST CRIMINAL CONDUCT.

25          SUCH BEHAVIOR AND CONDUCT WILL BE EVALUATED BY THE

January 5, 2009

1  COURT ONLY AFTER THE PREPARATION OF A DETAILED PRESENTENCE

2  REPORT.

3          SHOULD YOU ENTER INTO A PLEA AGREEMENT WITH THE

4  GOVERNMENT YOU SHOULD REALIZE THAT THE COURT IS IN NO WAY A

5  PARTY TO THE SAME.  SUCH AGREEMENTS ARE NEGOTIATED SOLELY

6  BETWEEN YOU, YOUR LAWYER, AND THE LAWYER FOR THE GOVERNMENT.

7          YOU ARE ADVISED THAT ANY STIPULATIONS CONTAINED IN

8  YOUR PLEA AGREEMENT ARE NOT BINDING ON THE COURT FOR

9  DETERMINING YOUR SENTENCE.  RATHER, THE COURT WILL MAKE AN

10 INDEPENDENT DETERMINATION OF YOUR SENTENCE AFTER APPLYING ALL

11 THE SENTENCING FACTORS TO YOUR CASE.

12          SHOULD YOU AGREE TO COOPERATE WITH THE GOVERNMENT

13 YOU SHOULD REALIZE THAT IT IS THIS COURT'S POLICY NOT TO

14 EXTEND THE TIME OF SENTENCINGS TO ACCOMMODATE A DEFENDANT'S

15 COMPLETION OF THAT COOPERATION.

16          A PLEA OF GUILTY HAS THE FOLLOWING CONSEQUENCES;

17 FIRST, YOU WILL HAVE TO WAIVE YOUR RIGHT NOT TO INCRIMINATE

18 YOURSELF BECAUSE THE COURT WILL ASK YOU QUESTIONS ABOUT WHAT

19 YOU DID IN ORDER TO BE SURE THAT YOU ARE GUILTY AS CHARGED,

20 AND YOU WILL HAVE TO ACKNOWLEDGE YOUR GUILT.

21          SECOND, THE COURT MAY IMPOSE THE SAME PUNISHMENT AS

22 IF YOU HAD PLEADED NOT GUILTY AND HAD BEEN CONVICTED BY A

23 JURY.

24          THIRD, IF YOU ARE ON PROBATION OR PAROLE IN ANOTHER

25 CASE IN THIS OR ANY COURT, BY PLEADING GUILTY HERE YOUR

January 5, 2009

1 PROBATION OR PAROLE MAY BE REVOKED AND YOU MAY BE REQUIRED TO

2 SERVE TIME IN THAT CASE IN ADDITION TO ANY SENTENCE IMPOSED

3 UPON YOU AS A RESULT OF YOUR GUILTY PLEA.

4          FOURTH, IN ADDITION TO ANY SENTENCE IMPOSED, YOUR

5 PLEA OF GUILTY TO A FELONY MAY DEPRIVE YOU OF VALUABLE CIVIL

6 RIGHTS, SUCH AS THE RIGHT TO VOTE, THE RIGHT TO HOLD PUBLIC

7 OFFICE, THE RIGHT TO SERVE ON A JURY, AND THE RIGHT TO POSSESS

8 ANY KIND OF FIREARM.

9          ADDITIONALLY, UNLESS OTHERWISE ADVISED, YOU WILL BE

10 ASSESSED PER COUNT A SUM OF NOT LESS THAN $100, AND ANY FINE

11 IMPOSED WILL BEAR INTEREST.

12          FIFTH, IN SOME CASES OBLIGATIONS IN ADDITION TO A

13 SENTENCE OF IMPRISONMENT AND/OR A FINE MAY BE IMPOSED UPON

14 YOU.

15          FOR EXAMPLE, YOU MAY BE ORDERED TO MAKE RESTITUTION

16 IN THE FORM OF MONEY OR SERVICES IN LIEU OF MONEY TO THE

17 VICTIMS OF YOUR OFFENSES OR YOU MAY BE REQUIRED TO FORFEIT

18 CERTAIN PROPERTY TO THE GOVERNMENT, OR IN THE CASE OF OFFENSES

19 INVOLVING FRAUD YOU MAY BE ORDERED TO PROVIDE NOTICE OF YOUR

20 CONVICTION TO THE VICTIMS OF YOUR OFFENSES.

21          ADDITIONALLY, IN MOST CASES, YOU WILL BE SENTENCED

22 TO A TERM OF SUPERVISED RELEASE THAT WILL FOLLOW YOUR TERM OF

23 IMPRISONMENT.

24          SUPERVISED RELEASE WILL BE CONDITIONED ON YOUR NON-

25 COMMISSION OF ANOTHER FEDERAL, STATE OR LOCAL CRIME AND SUCH

1  OTHER CONDITIONS AS MAY BE APPROPRIATE.  IF THE CONDITIONS OF

2  RELEASE ARE VIOLATED YOU MAY BE REQUIRED TO RETURN TO

3  INCARCERATION.

4           CASES IN WHICH GUILTY PLEAS ARE ENTERED AND ACCEPTED

5  TODAY ARE SET FOR SENTENCING IN WILMINGTON, NORTH CAROLINA, AT

6  9:00 A.M., ON APRIL 13TH.

7           REGARDLESS OF THE SENTENCE ULTIMATELY FOUND TO BE

8  APPROPRIATE TO YOUR CASE, YOU MAY NOT WITHDRAW A GUILTY PLEA

9  ENTERED AND ACCEPTED TODAY.

10          AT THE TIME OF SENTENCING, HOWEVER, THE COURT IN ITS

11 SOLE DISCRETION MAY REJECT YOUR PLEA AGREEMENT SHOULD THE

12 COURT DETERMINE THAT IT FAILS TO PERMIT THE IMPOSITION OF AN

13 APPROPRIATE SENTENCE.

14          IF THE COURT DECIDES TO REJECT THE PLEA AGREEMENT

15 YOU WILL THEN HAVE AN OPPORTUNITY TO WITHDRAW YOUR PLEA AND

16 CHANGE IT TO NOT GUILTY.

17          IF YOU THEN ENTER A PLEA OF NOT GUILTY, YOUR CASE

18 WILL BE SET FOR TRIAL IMMEDIATELY OR IN THE COURT'S DISCRETION

19 AT ITS ENSUING TERM.

20          ANY INTERVENING PERIOD OF TIME BETWEEN TODAY'S

21 ACCEPTANCE OF SUCH PLEA BY THE COURT AND SUCH A JURY TRIAL

22 WILL NOT BE COUNTED IN DETERMINING COMPLIANCE WITH THE SPEEDY

23 TRIAL ACT.

24          BETWEEN NOW AND THE SENTENCING DATE JUST ANNOUNCED,

25 THE WRITTEN PRESENTENCE REPORT WILL BE PREPARED BY THE

1 PROBATION OFFICE.

2      IT IS IMPORTANT THAT THE PRESENTENCE REPORT BE
3 COMPLETE AND ACCURATE AS IT WILL BE AN IMPORTANT TOOL TO AID
4 THE COURT IN DETERMINING WHETHER OR NOT TO ACCEPT YOUR PLEA
5 AGREEMENT AND IN DETERMINING YOUR SENTENCE.

6      YOU AND YOUR LAWYER MAY GIVE INFORMATION FOR THE
7 REPORT.  YOU AND YOUR LAWYER WILL BE FURNISHED A COPY OF THE
8 PRESENTENCE REPORT AND WILL HAVE AN OPPORTUNITY TO TIMELY
9 COMMENT UPON IT.

10      WITHIN 15 DAYS AFTER RECEIPT OF THE REPORT, YOU AND
11 YOUR LAWYER MUST COMMUNICATE IN WRITING TO THE PROBATION
12 OFFICER OBJECTIONS TO ANY MATERIAL INFORMATION CONTAINED IN OR
13 OMITTED FROM THE REPORT.  THE COURT WILL NOT CONSIDER ANY
14 DISPUTE WHICH HAS NOT BEEN THE SUBJECT OF SUCH WRITTEN
15 COMMUNICATION.

16      FURTHERMORE, THE COURT WILL CONSIDER AND RESOLVE
17 ONLY ISSUES RELEVANT TO DISPUTED SENTENCING FACTORS PREVIOUSLY
18 STATED IN WRITING AND ADDITIONALLY BROUGHT TO ITS ATTENTION BY
19 YOU OR YOUR LAWYER AT THE TIME OF SENTENCING.

20      IF YOU WISH TO CHALLENGE THE VALIDITY OF A PRIOR
21 CONVICTION THAT IS USED AS A PREDICATE IN CALCULATING YOUR
22 SENTENCE YOU MUST DO SO PRIOR TO YOUR SENTENCING DATE.

23      AT SENTENCING YOU SHOULD ADVISE THE COURT ORALLY IF
24 YOU HAVE ANY OBJECTIONS TO ANY MATTER CONTAINED IN OR OMITTED
25 FROM THE PRESENTENCE REPORT THAT YOUR LAWYER DOES NOT RAISE AT

1   THAT TIME.  CONTENTIONS NOT STATED BY YOU OR YOUR LAWYER WILL

2   BE DEEMED ABANDONED.

3           IN SHORT, IF YOU DO NOT CONTEST THE FACTS SET FORTH

4   IN THE PRESENTENCE REPORT, THOSE FACTS MAY BE ACCEPTED BY THE

5   COURT AS CORRECT AND MAY BE RELIED UPON IN DETERMINING YOUR

6   SENTENCE.

7           A MERE OBJECTION TO THE FINDING IN THE PRESENTENCE

8   REPORT IS NOT SUFFICIENT.  YOU HAVE AN AFFIRMATIVE DUTY TO

9   MAKE A SHOWING THAT THE INFORMATION IN THE PRESENTENCE REPORT

10  IS UNRELIABLE AND ARTICULATE THE REASONS WHY THE FACTS

11  CONTAINED THEREIN ARE UNTRUE OR INACCURATE.

12          WITHOUT AN AFFIRMATIVE SHOWING THAT THE INFORMATION

13  IS INACCURATE THE COURT IS FREE TO RELY UPON THE CONTENTS OF

14  THE PRESENTENCE REPORT WITHOUT MORE SPECIFIC INQUIRY OR

15  EXPLANATION.

16          WHILE THE BURDEN IS ON YOU TO SHOW THE INACCURACY OR

17  UNRELIABILITY OF MATTERS CONTAINED IN THE PRESENTENCE REPORT,

18  YOU HAVE THE RIGHT NOT TO TESTIFY AS TO SUCH MATTERS AND NO

19  INFERENCE CAN BE DRAWN BY YOUR ASSERTION OF SUCH RIGHT.

20          IF YOU DO ELECT TO TESTIFY YOU WILL BE PLACED UNDER

21  OATH AND ALLOWED TO DO SO.  IF YOU TESTIFY FALSELY, YOU WILL

22  BE SUBJECT TO THE PENALTIES OF PERJURY.

23          YOU AND YOUR LAWYER SHOULD EXAMINE THE REPORT

24  CAREFULLY AND BE SURE OF ITS ACCURACY AND COMPLETENESS.  THIS

25  IS VERY IMPORTANT BECAUSE THE PRESENTENCE REPORT WILL ASSIST

January 5, 2009

1  THE COURT IN THE DETERMINATION OF YOUR SENTENCE.

2       YOU OR YOUR LAWYER, ON YOUR BEHALF, ARE ENCOURAGED
3  TO SUBMIT WRITTEN MEMORANDA PRIOR TO THE SENTENCING HEARING
4  WHERE COMPLICATED ISSUES ARE INVOLVED.

5       I REMIND YOU THAT YOUR AND YOUR LAWYER'S COMMENTS
6  UPON OR OBJECTIONS TO THE PRESENTENCE REPORT MUST BE RECEIVED
7  BY THE PROBATION OFFICE WITHIN 15 DAYS OF YOUR RECEIPT OF THE
8  REPORT.

9       SIMILARLY, ANY SENTENCING MEMORANDUM, AFFIDAVIT OR
10 OTHER MATERIAL WHICH YOU OR YOUR LAWYER WANT THE COURT TO
11 CONSIDER IN EXERCISING SENTENCING DISCRETION MUST BE SUBMITTED
12 TO THE COURT IN WILMINGTON, AT LEAST ONE WEEK PRIOR TO THE
13 SENTENCING DATE.

14      BE ADVISED THAT EVEN IF YOU COOPERATE WITH THE
15 GOVERNMENT, THE GOVERNMENT IS NOT REQUIRED TO RETURN TO COURT
16 WITH A RULE 35B MOTION SEEKING A REDUCTION IN YOUR SENTENCE BY
17 REASON OF ASSISTANCE RENDERED BY YOU TO THE GOVERNMENT.

18      IT IS COMPLETELY WITHIN THE GOVERNMENT'S DISCRETION
19 WHETHER OR NOT TO SEEK A REDUCTION IN YOUR SENTENCE FOR
20 SUBSTANTIAL ASSISTANCE.

21      IF THE GOVERNMENT DECIDES NOT TO MAKE A RULE 35B
22 MOTION ON YOUR BEHALF YOU ARE ENTITLED TO RELIEF FROM THE
23 COURT IN ONLY A VERY FEW EXTRAORDINARY CIRCUMSTANCES.

24      AT SENTENCING, YOU SHOULD ADVISE THE COURT IF THE
25 GOVERNMENT HAS MADE ANY PROMISES TO YOU OR YOUR LAWYER THAT

January 5, 2009

1  YOUR FUTURE COOPERATION WILL RESULT IN A RULE 35B MOTION.

2          IF THE GOVERNMENT DOES MAKE A RULE 35B MOTION TO

3  SEEK A REDUCTION IN YOUR SENTENCE BY VIRTUE OF YOUR ASSISTANCE

4  THE MAKING OF SUCH MOTION WILL NOT EXTEND, TOLL, OR AFFECT THE

5  ONE YEAR STATUTE OF LIMITATIONS APPLICABLE TO THE TIME FOR

6  YOUR FILING A POST-CONVICTION SECTION 2255 MOTION TO VACATE,

7  SET ASIDE, OR CORRECT YOUR SENTENCE.

8          FURTHERMORE, THE UNITED STATES ATTORNEY CANNOT

9  PROMISE YOU THAT THE COURT WILL GRANT A RULE 35B MOTION, NOR

10 CAN THE UNITED STATES ATTORNEY PROMISE YOU THAT LAW

11 ENFORCEMENT OFFICERS EITHER WILL ACCEPT OR ACT UPON YOUR

12 OFFERS OF COOPERATION.

13         IF YOU ARE CONVICTED, WHETHER BY A JURY OR AS A

14 RESULT OF A GUILTY PLEA, YOU CAN APPEAL SUCH CONVICTION IF YOU

15 BELIEVE THAT YOUR CONVICTION WAS SOMEHOW UNLAWFUL OR IF THERE

16 WAS SOME OTHER FUNDAMENTAL DEFECT IN THE PROCEEDING.

17         YOU ALSO HAVE A STATUTORY RIGHT TO APPEAL YOUR

18 SENTENCE UNDER CERTAIN CIRCUMSTANCES, PARTICULARLY IF YOU

19 THINK THE SENTENCE IS CONTRARY TO LAW.  YOU MAY AGREE TO WAIVE

20 YOUR APPEAL RIGHTS BOTH AS TO YOUR CONVICTION AND SENTENCE IN

21 A PLEA AGREEMENT.

22         SUCH WAIVERS GENERALLY ARE ENFORCEABLE, BUT IF YOU

23 BELIEVE THE WAIVER IS UNENFORCEABLE YOU CAN PRESENT THAT

24 THEORY TO THE APPELLATE COURT.

25         WITH FEW EXCEPTIONS, ANY NOTICE OF APPEAL MUST BE

1  FILED WITHIN TEN DAYS OF THE JUDGEMENT BEING ENTERED IN YOUR

2  CASE.

3          IF YOU ARE UNABLE TO PAY THE COSTS OF AN APPEAL YOU

4  MAY APPLY FOR LEAVE TO APPEAL IN FORMA PAUPERIS.  IF YOU SO

5  REQUEST, THE CLERK OF COURT WILL PREPARE AND FILE A NOTICE OF

6  APPEAL ON YOUR BEHALF.

7          I'M NOW GOING TO ASK ALL DEFENDANTS AS A GROUP

8  CERTAIN QUESTIONS.  PLEASE LISTEN CAREFULLY AS THESE QUESTIONS

9  AND YOUR ANSWERS WILL CONSTITUTE PART OF THE RECORD OF YOUR

10 PLEA.

11         IF YOU WISH TO ANSWER ANY QUESTION IN THE

12 AFFIRMATIVE, PLEASE RAISE YOUR HAND AND ADDRESS THE COURT

13 ORALLY.  COUNSEL ARE ADMONISHED TO TAKE NOTE OF THEIR CLIENT'S

14 RESPONSE TO MY QUESTIONS.

15         AS TO THOSE DEFENDANTS PLEADING GUILTY TO A CHARGE

16 CONTAINED IN AN INFORMATION, IS THERE ANY SUCH DEFENDANT WHO

17 HAS NOT DISCUSSED THE MATTER OF WAIVING HIS RIGHT TO

18 INDICTMENT BY THE GRAND JURY WITH HIS ATTORNEY?

19         (NO RESPONSE.)

20         THE COURT:  IS THERE ANY DEFENDANT WHO DOES NOT

21 UNDERSTAND HIS RIGHT TO INDICTMENT BY A GRAND JURY?

22         (NO RESPONSE.)

23         THE COURT:  IS THERE ANY DEFENDANT WHO HAS BEEN

24 INDUCED TO WAIVE INDICTMENT BY REASON OF ANY THREAT OR

25 PROMISE?

January 5, 2009

1             (NO RESPONSE.)

2             THE COURT:  IS THERE ANY ATTORNEY PRESENT

3  REPRESENTING A DEFENDANT WHO INTENDS TO PLEAD TO AN

4  INFORMATION WHO SEES ANY REASON WHY HIS CLIENT SHOULD NOT

5  WAIVE INDICTMENT?

6             (NO RESPONSE.)

7             THE COURT:  AS TO ALL DEFENDANTS, IS THERE ANY

8  DEFENDANT WHO DOES NOT UNDERSTAND WHAT IS HAPPENING HERE

9  TODAY?

10            (NO RESPONSE.)

11            THE COURT:  IS THERE ANY ATTORNEY REPRESENTING A

12 DEFENDANT WHO HAS ANY DOUBT OR QUESTION ABOUT HIS CLIENT'S

13 COMPETENCE TO PLEAD AT THIS TIME?

14            (NO RESPONSE.)

15            THE COURT:  IS THERE ANY DEFENDANT WHO HAS NOT

16 RECEIVED A COPY OF THE INDICTMENT OR INFORMATION CHARGING HIM?

17            (NO RESPONSE.)

18            THE COURT:  IS THERE ANY DEFENDANT WHO HAS NOT HAD

19 AMPLE OPPORTUNITY TO DISCUSS HIS CASE WITH HIS ATTORNEY?

20            (DEFENDANT WOODARD STANDS.)

21            THE COURT:  ALL RIGHT.  WHAT IS YOUR NAME?

22            DEFENDANT WOODARD:  MR. WOODARD.

23            MADAM CLERK:  LAWRENCE WOODARD.

24            THE COURT:  ALL RIGHT.  WE'RE GOING TO ALLOW YOU TO

25 DISCUSS IT FURTHER WITH MR. EDWARDS AFTER THIS.

1          DEFENDANT WOODARD:  YES, SIR.  THANK YOU.

2          THE COURT:  IS THERE ANY DEFENDANT WHO HAS ANY

3  QUESTIONS ABOUT HIS RIGHTS TO A JURY TRIAL OR THE OTHER RIGHTS

4  ASSOCIATED WITH A TRIAL OR THE CONSEQUENCES OF PLEADING GUILTY

5  THAT I HAVE JUST EXPLAINED?

6          (NO RESPONSE.)

7          THE COURT:  I HAVE JUST CONCLUDED EXPLAINING EACH

8  DEFENDANT'S RIGHT TO A JURY TRIAL AND THE OTHER RIGHTS

9  ASSOCIATED WITH A TRIAL, AND THE COURT WILL NOW CONSIDER EACH

10 CASE ON THE CALENDAR.

11         OUR FIRST CASE IS RODOLFO PUGA SANCHEZ, MR.

12 MCCOPPIN.

13         MR. MCCOPPIN:  YOUR HONOR, MAY I APPROACH THE CLERK?

14         THE COURT:  YES, SIR.

15         **RODOLFO PUGA SANCHEZ, DEFENDANT, SWORN**

16         THE COURT:  MR. SANCHEZ, DO YOU UNDERSTAND THAT YOU

17 ARE NOW UNDER OATH AND THAT IF YOU ANSWER ANY OF MY QUESTIONS

18 FALSELY YOU MIGHT BE PROSECUTED FOR PERJURY; DO YOU UNDERSTAND

19 THAT?

20         DEFENDANT:  YES.

21         THE COURT:  HOW OLD ARE YOU?

22         DEFENDANT:  34.

23         THE COURT:  HOW FAR DID YOU GO IN SCHOOL?

24         DEFENDANT:  PRIMARY SCHOOL.

25         THE COURT:  LET THE RECORD REFLECT THAT BASED UPON

1 THE COURT'S PRIOR QUESTIONS TO THE DEFENDANT AND HIS COUNSEL,

2 THE COURT FINDS AS A FACT THAT THE DEFENDANT IS COMPETENT TO

3 PLEAD.

4        FOR THE RECORD, MR. SANCHEZ, I'M NOW GOING TO INFORM

5 YOU OF THE NATURE OF THE CHARGES AGAINST YOU AND ADVISE YOU OF

6 THE MAXIMUM PENALTY AND ANY MANDATORY MINIMUM PENALTY

7 APPLICABLE THERETO.

8        AFTER YOU ARE SO INFORMED, YOU WILL BE ASKED HOW YOU

9 PLEAD, GUILTY OR NOT GUILTY, TO EACH CHARGE.

10        IF YOU PLEAD GUILTY TO A CHARGE, THE COURT WILL

11 DIRECT FURTHER INQUIRIES TO YOU TO BE SURE THAT YOUR GUILTY

12 PLEA TRULY DERIVES FROM YOUR OWN FREE WILL AND HAS A FACTUAL

13 BASIS AND TO FURTHER DETERMINE IF THE COURT, IN ITS

14 DISCRETION, SHOULD ACCEPT YOUR GUILTY PLEA.

15        YOU ARE CHARGED IN COUNT ONE WITH POSSESSION WITH

16 THE INTENT TO DISTRIBUTE A QUANTITY OF COCAINE.

17        THE PENALTY FOR THAT OFFENSE IS NOT MORE THAN 20

18 YEARS IMPRISONMENT AND/OR UP TO A ONE MILLION DOLLAR FINE, AT

19 LEAST THREE YEARS SUPERVISED RELEASE, YOU WOULD BE SUBJECT TO

20 A $100 SPECIAL ASSESSMENT, AND UPON REVOCATION OF SUPERVISED

21 RELEASE YOU MIGHT BE IMPRISONED FOR A TERM OF UP TO TWO YEARS,

22 AND YOU MIGHT BE ORDERED TO MAKE RESTITUTION IN THE FORM OF

23 MONEY OR SERVICES TO ANY VICTIM OF YOUR OFFENSE.

24        EACH OF COUNTS TWO AND THREE CHARGE YOU WITH BEING

25 AN ILLEGAL ALIEN IN POSSESSION OF A FIREARM.

1        THE PENALTY FOR THAT OFFENSE IS NOT MORE THAN TEN

2   YEARS -- FOR EACH SUCH OFFENSE, IS NOT MORE THAN TEN YEARS

3   IMPRISONMENT, AND UP TO A $250,000 FINE, UP TO THREE YEARS OF

4   SUPERVISED RELEASE, AND YOU WOULD BE SUBJECT TO A HUNDRED

5   DOLLAR SPECIAL ASSESSMENT, AND UPON REVOCATION OF SUPERVISED

6   RELEASE, YOU MIGHT BE REQUIRED TO SERVE UP TO TWO YEARS IN

7   PRISON, YOU FURTHER MIGHT BE ORDERED TO MAKE RESTITUTION TO

8   ANY VICTIM OF YOUR OFFENSE.

9        IF YOU WERE FOUND TO BE AN ARMED CAREER OFFENDER, AS

10  TO EACH SUCH OFFENSES, THE PENALTY WOULD BE NOT LESS THAN 15

11  YEARS, NO MORE THAN LIFE IMPRISONMENT, AND UP TO A $250,000

12  FINE, UP TO FIVE YEARS SUPERVISED RELEASE, YOU WOULD BE

13  SUBJECT TO A $100 SPECIAL ASSESSMENT, YOU MIGHT BE ORDERED TO

14  MAKE RESTITUTION TO ANY VICTIM OF YOUR OFFENSE, AND UPON

15  REVOCATION OF SUPERVISED RELEASE YOU MIGHT BE REQUIRED TO

16  SERVE UP TO FIVE YEARS IN PRISON.

17       COUNT FOUR CHARGES YOU WITH POSSESSION OF A FIREARM

18  IN FURTHERANCE OF A DRUG TRAFFICKING OFFENSE.

19       THE PENALTY FOR THAT OFFENSE IS NOT LESS THAN FIVE

20  YEARS, NO MORE THAN LIFE IMPRISONMENT, CONSECUTIVE TO ANY

21  OTHER SENTENCE, AND UP TO A $250,000 FINE, UP TO FIVE YEARS OF

22  SUPERVISED RELEASE, YOU WOULD BE SUBJECT TO A HUNDRED DOLLAR

23  SPECIAL ASSESSMENT, YOU MIGHT BE ORDERED TO MAKE RESTITUTION

24  TO ANY VICTIM OF YOUR OFFENSE, AND UPON REVOCATION OF

25  SUPERVISED RELEASE YOU MIGHT BE REQUIRED TO SERVE UP TO FIVE

1 YEARS IN PRISON.

2          THE COURT HAS BEEN HANDED A PLEA AGREEMENT

3 INDICATING THAT YOU WISH TO PLEAD GUILTY TO COUNTS ONE AND

4 FOUR OF THE INDICTMENT.  IS THAT WHAT YOU WISH TO DO?

5          DEFENDANT:  YES.

6          THE COURT:  ENTER HIS PLEA OF NOT GUILTY AS TO

7 COUNTS TWO AND THREE.

8          THE COURT WILL NOW DETERMINE WHETHER OR NOT TO

9 ACCEPT YOUR PLEA TO COUNTS ONE AND FOUR.

10          YOU WERE IN THE COURTROOM A MOMENT AGO WHEN THE

11 COURT EXPLAINED TO YOU YOUR RIGHTS TO A JURY TRIAL UNDER THE

12 CONSTITUTION AND LAWS OF THE UNITED STATES WITH REGARD TO THE

13 CHARGES PENDING AGAINST.

14          DO YOU UNDERSTAND YOU MUST GIVE UP THOSE RIGHTS

15 ASSOCIATED WITH A JURY TRIAL IN ORDER TO PLEAD GUILTY?

16          DEFENDANT:  YES.

17          THE COURT:  DO YOU UNDERSTAND THE POSSIBLE

18 CONSEQUENCES OF YOUR PLEA?

19          DEFENDANT:  YES.

20          THE COURT:  ARE YOU SURE THAT YOU WANT TO ENTER A

21 PLEA OF GUILTY?

22          DEFENDANT:  YES.

23          THE COURT:  HAVE YOU DISCUSSED WITH YOUR ATTORNEY

24 THE CHARGES IN THE INDICTMENT TO WHICH YOU INTEND TO PLEAD

25 GUILTY?

1    DEFENDANT:  YES.

2    THE COURT:  DO YOU UNDERSTAND THOSE CHARGES?

3    DEFENDANT:  YES.

4    THE COURT:  IN ORDER FOR YOU TO BE FOUND GUILTY OF

5 COUNT ONE, THE GOVERNMENT WOULD BE REQUIRED TO PROVE BY

6 COMPETENT EVIDENCE AND BEYOND A REASONABLE DOUBT THAT YOU

7 KNOWINGLY POSSESSED A QUANTITY OF COCAINE WITH THE INTENT OF

8 DISTRIBUTING THE SAME.

9    IN ORDER FOR YOU TO BE FOUND GUILTY OF COUNT FOUR,

10 THE GOVERNMENT WOULD BE REQUIRED TO PROVE BY COMPETENT

11 EVIDENCE AND BEYOND A REASONABLE DOUBT THAT YOU KNOWINGLY

12 POSSESSED A FIREARM; TO-WIT, A NINE MILLIMETER RUGER, WHICH

13 HAD TRAVELLED IN INTERSTATE COMMERCE, AND THAT YOU POSSESSED

14 THE FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME.

15    DO YOU UNDERSTAND THE OFFENSES?

16    DEFENDANT:  YES.

17    THE COURT:  AT THE TIME YOU WERE ASKED HOW YOU

18 INTENDED TO PLEAD TO EACH COUNT, THE COURT ADVISED YOU OF THE

19 MAXIMUM POSSIBLE PENALTY AND ANY MANDATORY MINIMUM PENALTY

20 APPLICABLE THERETO.

21    DO YOU UNDERSTAND THE PENALTY?

22    DEFENDANT:  YES, I UNDERSTAND.

23    THE COURT:  THE TOTAL MANDATORY PENALTY APPLICABLE

24 ON BOTH COUNTS, COULD BE LIFE IMPRISONMENT, PLUS 20 YEARS,

25 PLUS FIVE YEARS OF SUPERVISED RELEASE, YOU MAY BE SUBJECT TO

1 AN AGGREGATE FINE OF $1,250,000, AND YOU WOULD BE SUBJECT TO

2 AN AGGREGATE SPECIAL ASSESSMENT OF $200, AND YOU MIGHT BE

3 ORDERED TO MAKE RESTITUTION TO ANY VICTIM OF YOUR OFFENSES.

4        DO YOU UNDERSTAND THE PENALTIES?

5        DEFENDANT: YES.

6        THE COURT: HAVE YOU DISCUSSED WITH YOUR ATTORNEY

7 THE APPLICABILITY OF THE SENTENCING FACTORS INCLUDING THE

8 ADVISORY SENTENCING GUIDELINES TO YOUR CASE AND THEIR

9 POTENTIAL EFFECT UPON YOUR SENTENCE?

10        DEFENDANT: YES.

11        THE COURT: DO YOU UNDERSTAND THAT YOUR ATTORNEY'S

12 CALCULATION OF YOUR ANTICIPATED SENTENCE IS ONLY AN ESTIMATE

13 AND THAT IT IS THE COURT THAT WILL DETERMINE YOUR ACTUAL

14 SENTENCE?

15        DEFENDANT: YES.

16        THE COURT: NOW, HAS ANYONE THREATENED YOU OR ANYONE

17 ELSE OR FORCED YOU IN ANY WAY TO PLEAD GUILTY?

18        (PAUSE.)

19        MR. MCCOPPIN: ANSWER THE QUESTION.

20      (DEFENDANT CONFERS WITH MR. MCCOPPIN THROUGH

21 INTERPRETER.)

22        MR. MCCOPPIN: YOUR HONOR, I THINK MY CLIENT

23 MISUNDERSTANDS THE QUESTION.

24        THE COURT: LET'S SEE. DO YOU UNDERSTAND THAT YOUR

25 ATTORNEY'S CALCULATION OF YOUR ANTICIPATED SENTENCE IS ONLY AN

1 ESTIMATE AND THAT IT IS THE COURT THAT WILL DETERMINE YOUR

2 ACTUAL SENTENCE?

3          DEFENDANT:  YES.

4          THE COURT:  NOW, HAS ANYONE THREATENED YOU OR ANYONE

5 ELSE OR FORCED YOU IN ANY WAY TO PLEAD GUILTY?

6          DEFENDANT:  NO.

7          THE COURT:  NOW, YOU HAVE ENTERED INTO A PLEA

8 AGREEMENT WITH THE GOVERNMENT, IS THAT CORRECT?

9          DEFENDANT:  YES.

10          THE COURT:  WOULD YOU READ THE TERMS OF THE

11 AGREEMENT INTO THE RECORD, PLEASE?

12          MR. SEVERO:  YES, YOUR HONOR.  THERE ARE NO OTHER

13 AGREEMENTS BETWEEN THE PARTIES IN ADDITION TO OR DIFFERENT

14 FROM THE TERMS HEREIN.

15          TO PLEAD GUILTY TO COUNT ONE AND FOUR OF THE

16 INDICTMENT.  TO MAKE RESTITUTION TO ANY VICTIM IN WHATEVER

17 AMOUNT THE COURT MAY ORDER.  TO WAIVE KNOWINGLY AND EXPRESSLY

18 ALL RIGHTS TO APPEAL WHATEVER SENTENCE IS IMPOSED, INCLUDING

19 ANY ISSUES THAT RELATE TO THE ESTABLISHMENT OF THE ADVISORY

20 GUIDELINE RANGE, RESERVING ONLY THE RIGHT TO APPEAL FROM A

21 SENTENCE IN EXCESS OF THE APPLICABLE GUIDELINE RANGE THAT IS

22 ESTABLISHED AT SENTENCING AND TO FURTHER WAIVE ALL RIGHTS TO

23 CONTEST THE CONVICTION OR SENTENCE IN ANY POST-CONVICTION

24 PROCEEDING EXCEPTING AN APPEAL OR MOTION BASED UPON GROUNDS OF

25 INEFFECTIVE ASSISTANCE OF COUNSEL OR PROSECUTORIAL MISCONDUCT

1  NOT KNOWN TO THE DEFENDANT AT THE TIME OF THE DEFENDANT'S

2  GUILTY PLEA.

3          TO KNOWINGLY AND EXPRESSLY WAIVE ALL RIGHTS TO HAVE

4  THE EXISTENCE AND APPLICABILITY OF ANY PRIOR CONVICTION

5  CHARGED BY INDICTMENT, SUBMITTED TO A JURY, AND PROVED BEYOND

6  A REASONABLE DOUBT.

7          THE DEFENDANT HEREBY CONSENTS TO HAVING THE

8  EXISTENCE AND APPLICABILITY OF ANY SUCH CONVICTION DECIDED BY

9  THE SENTENCING JUDGE BASED UPON A PREPONDERANCE OF THE

10  EVIDENCE.

11          THE DEFENDANT RESERVES THE RIGHT TO CONTEST AT

12  SENTENCING THE EXISTENCE OF ANY SUCH PRIOR CONVICTION AND

13  WHETHER SUCH PRIOR CONVICTION QUALIFIES TO INCREASE THE

14  STATUTORY MINIMUM AND MAXIMUM SENTENCE, BUT CONSENTS TO

15  RESOLUTION OF ANY SUCH OBJECTION BY THE SENTENCING JUDGE USING

16  A PREPONDERANCE OF THE EVIDENCE STANDARD.

17          TO WAIVE ALL RIGHTS, WHETHER ASSERTED DIRECTLY OR

18  THROUGH A REPRESENTATIVE, TO REQUEST AND RECEIVE FROM THE

19  UNITED STATES ANY RECORDS PERTAINING TO THE INVESTIGATION OR

20  PROSECUTION OF THIS MATTER.

21          TO PAY A SPECIAL ASSESSMENT FOR EACH COUNT TO WHICH

22  THE DEFENDANT PLEADS GUILTY.

23          TO ASSIST THE GOVERNMENT IN THE RECOVERY AND

24  FORFEITURE OF ANY ASSETS WHICH FACILITATED AND/OR WERE

25  ACQUIRED THROUGH UNLAWFUL ACTIVITY INCLUDING ALL SUCH ASSETS

1 WHICH THE DEFENDANT HAS ANY INTEREST OR CONTROL.

2       WHENEVER CALLED UPON TO DO SO BY THE UNITED STATES
3 TO DISCLOSE FULLY AND TRUTHFULLY IN INTERVIEWS WITH THE
4 GOVERNMENT CONCERNING ALL CONDUCT RELATED TO THE CRIMINAL
5 INDICTMENT AND ANY OTHER CRIMES OF WHICH THE DEFENDANT HAS
6 KNOWLEDGE AND, TWO, TO TESTIFY TRUTHFULLY IN ANY PROCEEDING.
7 THESE OBLIGATIONS ARE CONTINUING ONES.

8       THE DEFENDANT AGREES THAT ALL OF THESE STATEMENTS
9 CAN BE USED AGAINST THE DEFENDANT AT ANY JUDICIAL PROCEEDING
10 INCLUDING TRIAL OR SENTENCING IF THE DEFENDANT WITHDRAWS FROM
11 THE PLEA AGREEMENT OR IS ALLOWED TO WITHDRAW HIS GUILTY PLEA.

12       IF THE DEFENDANT PROVIDES FALSE, INCOMPLETE OR
13 MISLEADING INFORMATION OR TESTIMONY THIS WOULD CONSTITUTE A
14 BREACH OF THIS AGREEMENT BY THE DEFENDANT AND THE DEFENDANT
15 SHALL BE SUBJECT TO PROSECUTION FOR ANY FEDERAL CRIMINAL
16 VIOLATION.  ANY INFORMATION PROVIDED BY THE DEFENDANT MAY BE
17 USED AGAINST THE DEFENDANT IN SUCH A PROSECUTION.

18       TO SUBMIT TO A POLYGRAPH EXAMINATION WHENEVER
19 REQUESTED BY OUR OFFICE.  THE RESULTS OF THIS EXAMINATION WILL
20 BE ADMISSIBLE ONLY AT THE DEFENDANT'S SENTENCING AND AT ANY
21 HEARING AS TO WHETHER THERE HAS BEEN A BREACH OF THIS
22 AGREEMENT.

23       THE GOVERNMENT MAY RELY UPON THE RESULTS IN
24 DETERMINING WHETHER THE DEFENDANT HAS FULFILLED ANY OBLIGATION
25 UNDER THE AGREEMENT.

January 5, 2009

1    THAT ANY SENTENCE IMPOSED WILL BE WITHOUT PROBATION

2  (SIC).

3    THAT THE COURT WILL TAKE INTO ACCOUNT, BUT IS NOT

4  BOUND BY, THE APPLICABLE UNITED STATES GUIDELINES, AND THE

5  SENTENCE HAS NOT YET BEEN DETERMINED BY THE COURT, AND THAT

6  ANY ESTIMATE OF THE SENTENCE RECEIVED FROM ANY SOURCE IS NOT A

7  PROMISE AND THAT EVEN IF A SENTENCE UP TO THE STATUTORY

8  MAXIMUM IS IMPOSED THE DEFENDANT MAY NOT WITHDRAW THE PLEA OF

9  GUILTY.

10    THAT UNLESS DEFENDANT IS FOUND UNABLE TO PAY, THE

11  COURT WILL IMPOSE A FIND AND FAILURE TO PAY IT WILL SUBJECT

12  THE DEFENDANT TO ADDITIONAL CRIMINAL AND CIVIL PENALTIES.

13    AT SENTENCING, COUNT TWO AND THREE OF THE INDICTMENT

14  WILL BE DISMISSED.

15    THE GOVERNMENT RESERVES THE RIGHT TO MAKE A

16  SENTENCING RECOMMENDATION.  THAT IT RESERVES THE RIGHT AT

17  SENTENCING TO PRESENT ANY EVIDENCE AND INFORMATION, TO OFFER

18  ARGUMENT OR REBUTTAL, TO RECOMMEND IMPOSITION OF RESTITUTION,

19  AND TO RESPOND TO ANY MOTION OR OBJECTION FILED BY THE

20  DEFENDANT.

21    THAT OUR OFFICE WILL NOT PROSECUTE THE DEFENDANT FOR

22  CONDUCT CONSTITUTING THE BASIS FOR THE CRIMINAL INDICTMENT.

23  HOWEVER, THIS OBLIGATION IS LIMITED SOLELY TO OUR OFFICE AND

24  DOES NOT BIND ANY OTHER STATE OR FEDERAL PROSECUTING ENTITIES.

25    THAT IT WILL MAKE KNOWN -- THAT OUR OFFICE WILL MAKE

January 5, 2009

1  KNOWN TO THE COURT AT SENTENCING THE FULL EXTENT OF THE

2  DEFENDANT'S COOPERATION, BUT THE GOVERNMENT IS NOT PROMISING

3  TO MOVE FOR DEPARTURE PURSUANT TO USSG 5K1.1, 18 USC 3553(e),

4  OR FEDERAL RULE OF CRIMINAL PROCEDURE 35.

5         THAT SELF-INCRIMINATING INFORMATION PROVIDED BY THE

6  DEFENDANT PURSUANT TO THIS AGREEMENT SHALL NOT BE USED AGAINST

7  THE DEFENDANT IN DETERMINING THE APPLICABLE ADVISORY GUIDELINE

8  EXCEPT AS PROVIDED BY 1B1.8 AND EXCEPT AS STATED IN THIS

9  AGREEMENT.

10         THE GOVERNMENT WILL NOT, HOWEVER, WITHHOLD FROM THE

11  UNITED STATES PROBATION ANY EVIDENCE CONCERNING RELEVANT

12  CONDUCT.

13         THE PARTIES AGREE TO THE FOLLOWING POSITIONS AS TO

14  THE BELOW LISTED SENTENCING FACTORS ONLY, WHICH ARE NOT

15  BINDING ON THE COURT IN ITS APPLICATION OF THE ADVISORY

16  GUIDELINE RANGE, PROVIDED THAT IF THE DEFENDANT'S CONDUCT

17  PRIOR TO SENTENCING CHANGES THE CIRCUMSTANCES WITH ANY SUCH

18  FACTOR, THE GOVERNMENT IS NO LONGER BOUND TO ITS POSITION AS

19  TO THOSE FACTORS.

20         THE RELEVANT DRUG QUANTITY FOR THE DEFENDANT FOR

21  PURPOSES OF USSG 2D1.1 IS AT LEAST 50, BUT LESS THAN 100 GRAMS

22  OF COCAINE.  AND B, A DOWNWARD ADJUSTMENT OF TWO LEVELS OR

23  THREE LEVELS IF THE ADJUSTED OFFENSE LEVEL IS 16 OR GREATER IS

24  WARRANTED FOR ACCEPTANCE OF RESPONSIBILITY.

25         THE COURT:  ARE THOSE THE TERMS OF YOUR AGREEMENT

January 5, 2009

1 WITH THE GOVERNMENT?

2          DEFENDANT:  YES.

3          THE COURT:  DO YOU UNDERSTAND THAT THE TERMS OF THE

4 PLEA AGREEMENT ARE MERELY RECOMMENDATIONS TO THE COURT?

5          DEFENDANT:  YES.

6          THE COURT:  DO YOU UNDERSTAND THAT ANY STIPULATIONS

7 WITHIN THE PLEA AGREEMENT DO NOT BIND THE COURT?

8          DEFENDANT:  YES.

9          THE COURT:  DO YOU UNDERSTAND THAT ANY

10 REPRESENTATIONS THE GOVERNMENT MAKES WITH REGARD TO THE

11 READILY PROVABLE DRUG QUANTITY DO NOT BIND THE COURT?

12          DEFENDANT:  YES.

13          THE COURT:  HAS ANYONE MADE ANY PROMISE OTHER THAN

14 THE PLEA AGREEMENT THAT INDUCED YOU TO PLEAD GUILTY?

15          DEFENDANT:  NO.

16          THE COURT:  IS THERE ANY OTHER INFORMATION OR ADVICE

17 THAT YOU WANT BEFORE THE COURT ACCEPTS YOUR PLEA?

18          DEFENDANT:  NO.

19          THE COURT:  HAS ANYONE MADE ANY GUARANTEE OR PROMISE

20 TO YOU AS TO WHAT YOUR SENTENCE WILL BE?

21          DEFENDANT:  NO.

22          THE COURT:  DID YOU, AS CHARGED IN COUNT ONE, ON OR

23 ABOUT JULY THE 30TH, KNOWINGLY POSSESS A QUANTITY OF COCAINE

24 WITH THE INTENT TO DISTRIBUTE THE SAME?

25          DEFENDANT:  YES.

1          THE COURT:  AND DID YOU, AS CHARGED IN COUNT FOUR,

2  KNOWINGLY POSSESS A NINE MILLIMETER RUGER PISTOL IN

3  FURTHERANCE OF THE DRUG TRAFFICKING CRIME?

4          DEFENDANT:  YES.

5          THE COURT:  THEN YOU ARE, IN FACT, GUILTY; AREN'T

6  YOU?

7          DEFENDANT:  YES.

8          THE COURT:  SINCE YOU ACKNOWLEDGE THAT YOU ARE, IN

9  FACT, GUILTY AS CHARGED IN COUNTS ONE AND FOUR, AND SINCE YOU

10 KNOW YOUR RIGHT TO A TRIAL AND WHAT THE MAXIMUM POSSIBLE

11 PUNISHMENT IS AND ANY MANDATORY MINIMUM SENTENCE, AND SINCE

12 YOU ARE VOLUNTARILY PLEADING GUILTY, THE COURT WILL ACCEPT

13 YOUR GUILTY PLEA AND ENTER A JUDGEMENT OF GUILTY THEREON.

14          LET THE RECORD REFLECT THAT THE COURT IS SATISFIED

15 AND FINDS AS FACT THAT THE PLEA WAS FREELY AND VOLUNTARILY

16 ENTERED BY THE DEFENDANT.

17          AT THE TIME IT WAS ENTERED THE DEFENDANT HAD A FULL

18 AND COMPLETE UNDERSTANDING OF THE NATURE OF THE CHARGES, THE

19 CONSEQUENCES OF THE PLEA, AND THE MAXIMUM PENALTIES PROVIDED

20 BY LAW.

21          THE PLEA IS SUPPORTED BY AN INDEPENDENT BASIS IN

22 FACT SATISFYING EACH ESSENTIAL ELEMENT OF THE OFFENSE.

23          THE DEFENDANT'S PLEA IS ACCEPTED.  HE IS HEREBY

24 ADJUDGED GUILTY.  THE COURT DEFERS ACCEPTANCE OF THE

25 DEFENDANT'S PLEA AGREEMENT UNTIL THE COURT HAS REVIEWED HIS

January 5, 2009

1 PRESENTENCE REPORT.

2          THIS MATTER IS SET FOR SENTENCING ON APRIL 13TH, AT

3 9:00 A.M., HERE IN WILMINGTON.

4          ANY VICTIM, MR. SEVERO?

5          MR. SEVERO:  THERE IS NOT, YOUR HONOR.

6          THE COURT:  THANK YOU.  THANK YOU, MR. MCCOPPIN.

7          MR. MCCOPPIN:  YOUR HONOR, IF I COULD ADD ONE THING

8 TO THE RECORD VERY QUICKLY?

9          THE COURT:  SURELY.

10          MR. MCCOPPIN:  YOUR HONOR, IT'S BOTH THE GOVERNMENT

11 AND OUR CONTENTION THAT THERE WAS ONLY A SINGLE FIREARM USED

12 OR POSSESSED IN THE COMMISSION OF A DRUG TRAFFICKING OFFENSE,

13 THAT BEING THE HANDGUN THAT HE HAS JUST PLED TO.  WHILE THERE

14 ARE SOME OTHER LONG GUNS -- HUNTING-TYPE WEAPONS MENTIONED IN

15 COUNT FOUR OF THE INDICTMENT, IT'S OUR UNDERSTANDING FROM THE

16 GOVERNMENT AND THE COURT THAT THOSE WOULD NOT WARRANT SEPARATE

17 CONSECUTIVE SENTENCES BECAUSE THEY WERE NOT, IN FACT, USED IN

18 THE COMMISSION OF ANY SORT OF DRUG CRIME.

19          THE COURT:  WELL, YOU'LL HAVE TO DISCUSS THAT WITH

20 MR. SEVERO.

21          MR. MCCOPPIN:  AND WE HAVE.  I'M JUST --

22          THE COURT:  YOU CAN PUT IT IN YOUR PLEA AGREEMENT.

23 I AM NOT GOING TO BE BOUND BY ANY AGREEMENT THAT YOU MAKE WITH

24 MR. SEVERO.

25          MR. MCCOPPIN:  WELL, WE'VE TRIED TO ARTICULATE THAT

1  IN THE PLEA AGREEMENT HERE BY MENTIONING SPECIFICALLY ONLY THE

2  ONE WEAPON.  I'M JUST TRYING TO CONFIRM WITH YOU THAT YOU ARE

3  SATISFIED WITH THAT.

4          THE COURT:  MR. SEVERO, I DO NOT ENTER INTO

5  AGREEMENTS WITH ANY DEFENDANT.  IF YOU ALL HAVE AGREED TO IT,

6  YOU'VE AGREED TO IT.  IT MAY BE THE TRUTH.  BUT, I MEAN, AS I

7  SAY, I DON'T AGREE TO ANY STIPULATIONS CONTAINED IN A PLEA

8  AGREEMENT AS TO DRUG QUANTITIES, NUMBER OF FIREARMS, OR

9  ANYTHING ELSE.

10         MR. MCCOPPIN:  YES, YOUR HONOR.  THANK YOU.

11         THE COURT:  THANK YOU.

12     (WHEREUPON, THESE PROCEEDINGS CONCLUDED AT 9:47 A.M.)

           I CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE
   TRANSCRIPT OF SAID PROCEEDINGS.

   /s/ STACY SCHWINN_____                    4/12/10___
   STACY SCHWINN, CCR, CVR                     DATE

                                              January 5, 2009