```
                    UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                           WESTERN DIVISION

                         NO.: 5:08-CR-176-F


UNITED STATES OF AMERICA      .
                              .
        v.                    .  April 14, 2009
                              .  Wilmington, NC
RODOLFO PUGA SANCHEZ          .
                              .
              DEFENDANT       .
. . . . . . . . . . . . . . . .

                              SENTENCING
                 BEFORE THE HONORABLE JAMES C. FOX
                  SENIOR UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:   DENISE WALKER,
                      ASSISTANT UNITED STATES ATTORNEY
                      UNITED STATES ATTORNEY'S OFFICE
                      310 NEW BERN AVENUE, SUITE 800
                      RALEIGH, NC 27601-1461




For the Defendant:    R. ANDREW MCCOPPIN, ESQUIRE
                      MCCOPPIN & ASSOCIATES, P.A.
                      1250 S.E. MAYNARD ROAD, SUITE 202
                      CARY, NC 27511




Court Reporter:       STACY SCHWINN, CCR, CVR
                      P.O. BOX 1611
                      WILMINGTON, NC 28402
                      (910) 431-4502



Proceedings recorded by stenomask, transcript produced from
dictation.
```

1  <u>P R O C E E D I N G S</u>  9:02 A.M.

2  (DEFENDANT PRESENT.)

3  **CARLOS PEREZ, INTERPRETER, SWORN**

4  (DEFENDANT REQUIRES SERVICES OF AN INTERPRETER.)

5  (CALENDAR CALL NOT TRANSCRIBED.)

6  THE COURT: ALL RIGHT. OUR FIRST CASE IS MR.
7  SANCHEZ.

8  **RODOLFO PUGA SANCHEZ, DEFENDANT, SWORN**

9  THE COURT: MR. SANCHEZ, HAVE YOU RECEIVED A COPY OF
10 THE PRESENTENCE REPORT?

11  DEFENDANT: YES.

12  THE COURT: HAVE YOU READ IT OR HAS IT BEEN READ TO
13 YOU?

14  DEFENDANT: YES, I HAVE READ IT.

15  THE COURT: DID THE GOVERNMENT PROMISE TO MAKE KNOWN
16 THIS MAN'S ASSISTANCE, IF ANY?

17  MS. WALKER: NO, YOUR HONOR, IT DID NOT.

18  THE COURT: HAS THE GOVERNMENT MADE ANY PROMISE TO
19 THE DEFENDANT OR HIS COUNSEL THAT HIS FUTURE COOPERATION WILL
20 RESULT IN A RULE 35B MOTION?

21  MS. WALKER: NO, YOUR HONOR, IT HAS NOT.

22  THE COURT: MR. MCCOPPIN, HAVE YOU ADVISED YOUR
23 CLIENT THAT IN MOST CIRCUMSTANCES THE GOVERNMENT IS LIMITED TO
24 ONE YEAR WITHIN WHICH TO MOVE FOR A REDUCTION IN HIS SENTENCE
25 PURSUANT TO RULE 35B?

1      MR. MCCOPPIN: I HAVE.

2      THE COURT: MR. SANCHEZ, DO YOU UNDERSTAND THE
3 GOVERNMENT IS NOT REQUIRED TO RETURN TO COURT WITH A RULE 35B
4 MOTION TO SEEK A REDUCTION IN YOUR SENTENCE AND THAT IT IS
5 COMPLETELY WITHIN THE GOVERNMENT'S DISCRETION WHETHER OR NOT
6 TO DO SO; DO YOU UNDERSTAND THAT?

7      DEFENDANT: (NODS HEAD.)

8      THE COURT: DO YOU ALSO UNDERSTAND THAT IF THE
9 GOVERNMENT DECIDES NOT TO MAKE A RULE 35B MOTION ON YOUR
10 BEHALF THAT YOU'RE NOT ENTITLED TO RELIEF FROM THE COURT?

11      DEFENDANT: YES.

12      THE COURT: ALL RIGHT. LET'S SEE HERE. WERE THERE
13 OBJECTIONS, MR. MCCOPPIN, THAT YOU WANTED TO PURSUE?

14      MR. MCCOPPIN: YOUR HONOR, I DON'T NEED TO BE HEARD
15 ON THE OBJECTIONS.

16      THE COURT: ALL RIGHT, SIR. I FIND THAT THE OFFENSE
17 LEVEL IS 19, CRIMINAL HISTORY CATEGORY A I, CUSTODY RANGE OF
18 30 TO 37 MONTHS IN COUNT ONE, 60 MONTHS IN COUNT TWO
19 CONSECUTIVE -- I MEAN, SORRY, COUNT FOUR, SUPERVISED RELEASE
20 RANGE IN COUNT ONE OF UP TO THREE YEARS, IN COUNT FOUR, THREE
21 TO FIVE YEARS, FINE RANGE OF 7,500 TO ONE MILLION DOLLARS AND
22 HE'S SUBJECT TO AN AGGREGATE SPECIAL ASSESSMENT OF $200.

23      I'LL BE GLAD TO HEAR WHAT YOU HAVE TO SAY ON HIS
24 BEHALF, MR. MCCOPPIN.

25      MR. MCCOPPIN: THANK YOU, YOUR HONOR. YOUR HONOR,

1  WHAT I'D LIKE TO --
2          THE COURT: EXCUSE ME. WAS A 5K1 FILED IN THIS
3  CASE?
4          MS. WALKER: NO, YOUR HONOR, THERE WAS NOT.
5          THE COURT: THANK YOU. ALL RIGHT, SIR. GO AHEAD.
6          MR. MCCOPPIN: THANK YOU, YOUR HONOR. I'D LIKE TO
7  SHARE WITH THE COURT THAT MR. SANCHEZ SIGNED A PLEA AGREEMENT,
8  HAS SPOKEN TO LAW ENFORCEMENT PURSUANT TO THAT AGREEMENT, AND
9  HAS PROVIDED SOME INFORMATION.
10         WHILE THAT INFORMATION MAY NOT HAVE YIELDED RESULTS
11 TO JUSTIFY A 5K TODAY, WE'RE HOPEFUL THAT A RULE 35 MAY BE
12 APPROPRIATE DOWN THE ROAD.
13         WHAT I WOULD REMIND THE COURT IS THAT MR. SANCHEZ
14 HAS LIVED IN THE UNITED STATES SINCE HE WAS 15 YEARS OLD AND
15 HAS A CRIMINAL HISTORY LEVEL OF I. AND SO, HE'S LIVED
16 ESSENTIALLY ALL OF HIS ADULT LIFE HERE.
17         HE WAS INVOLVED IN CRIMINAL ACTIVITY, WHICH IS VERY
18 SERIOUS. THERE'S NO EXCUSE FOR IT. BUT HE DOES HAVE AN
19 OTHERWISE CLEAN RECORD THAT SPEAKS TO HIS CREDIT.
20         HE IS THE HUSBAND TO A UNITED STATES CITIZEN. HE
21 HAS FATHERED CHILDREN WITH HER. THEY'RE LEGALLY MARRIED. FOR
22 WHATEVER REASON, HE CHOSE THIS BEHAVIOR. IT'S UNFORTUNATE.
23 BUT HE DOES HAVE THINGS SPEAKING TO HIS CREDIT.
24         I WOULD ASK YOU TO CONSIDER SENTENCING HIM AT THE
25 LOW END OF THE RANGE AT THIS POINT BASED ON THOSE

1 CONSIDERATIONS. AND MY HOPE WAS THAT YOU MIGHT BE IN A
2 POSITION TO CONSOLIDATE THE TWO OFFENSES WITH A 5K THAT THE
3 GOVERNMENT MIGHT HAVE BROUGHT TO THE TABLE. I REALIZE THEY
4 HAVEN'T. BUT HOPEFULLY THAT'S SOMETHING WE'LL BE ABLE TO
5 REACH AT SOME POINT.
6 THE COURT: IS THERE ANYTHING YOU'D LIKE TO SAY, MS.
7 WALKER?
8 MS. WALKER: YES, YOUR HONOR. THE GOVERNMENT WOULD
9 OPPOSE ANY CONSOLIDATION OF THE SENTENCES. NO 5K MOTION HAS
10 BEEN FILED IN THIS MATTER.
11 YOUR HONOR, THE DEFENDANT DID PROVIDE SOME
12 INFORMATION TO AGENTS IN THIS CASE. IT DID NOT RISE TO THE
13 LEVEL OF SUBSTANTIAL ASSISTANCE AND, THEREFORE, A 5K MOTION
14 WAS NOT FILED.
15 IN ADDITION, YOUR HONOR, I WOULD LIKE TO POINT OUT
16 TO THE COURT THAT IN THE FINAL PROBATION REPORT THE PROBATION
17 OFFICER DID NOT RECOMMEND A FINE IN THIS MATTER AS IT WAS
18 THOUGHT THAT THE PROPERTY OWNED BY THE DEFENDANT WOULD BE THE
19 SUBJECT OF A FORFEITURE ACTION.
20 YOUR HONOR, IT'S THE GOVERNMENT'S POSITION AT THIS
21 TIME THAT THE PROPERTY IS NOT THE SUBJECT OF A FORFEITURE
22 ACTION AND WE WOULD, THEREFORE, ASK THAT A FINE IN THE AMOUNT
23 OF AT LEAST $500,000 BE IMPOSED AGAINST THIS DEFENDANT. SUCH
24 FINE THAT COULD BE SATISFIED THROUGH THE VALUE OF THE
25 PROPERTY, THE REAL PROPERTY, AS WELL AS THE LAND PROPERTY

1  LOCATED IN THE COUNTY, YOUR HONOR.
2              THE COURT: YOU DID NOT FILE A FORFEITURE FOR --
3              MS. WALKER: THERE WAS A GENERAL FORFEITURE NOTICE
4  LISTED IN THE INDICTMENT, JUDGE. THE SPECIFIC FORFEITURE OF
5  THE LAND AND OF THE REAL PROPERTY LOCATED ON THAT LAND WAS NOT
6  ORIGINALLY LISTED IN THE FORFEITURE NOTICE. THE PROBATION
7  OFFICER THOUGHT THAT THOSE ITEMS WOULD BE FORFEITED AND,
8  THEREFORE, IN THE FINAL PRESENTENCE REPORT DID NOT RECOMMEND A
9  FINE.
10             I JUST WANTED TO INFORM THE COURT THAT THOSE ITEMS
11 HAVE NOT BEEN SET FORTH FOR FORFEITURE -- FORMAL FORFEITURE
12 PROCEEDINGS HAVE NOT BEEN STARTED AND, THEREFORE, THE
13 GOVERNMENT WOULD REQUEST A FINE FOR THIS DEFENDANT.
14             THE COURT: DAVID, LET ME SEE YOU JUST A MINUTE.
15             (COURT CONFERS WITH PROBATION OFFICER.)  (PAUSE.)
16             THE COURT: MR. SANCHEZ, DO YOU HAVE ANY OBJECTIONS
17 TO ANYTHING CONTAINED IN THE PRESENTENCE REPORT?
18             MR. MCCOPPIN: EXCUSE ME, YOUR HONOR?
19             THE COURT: DOES HE HAVE ANY OBJECTIONS TO ANYTHING
20 THAT'S IN THE PRESENTENCE REPORT?
21             MR. MCCOPPIN: THE ONLY OBJECTION THAT WE HAD AT THE
22 TIME WAS RELATED TO CONVERTING THE CASH TO COCAINE WEIGHT.
23             THE COURT: YEAH.
24             MR. MCCOPPIN: WE DON'T WAIVE THE OBJECTION, BUT I
25 DON'T NEED TO BE HEARD ON IT.

April 14, 2009

1  THE COURT: WELL, I'M ASKING HIM DOES HE HAVE
2 ANYTHING THAT MR. MCCOPPIN HAS NOT EXPRESSED, ANY OBJECTION
3 THAT YOUR LAWYER HAS NOT MADE?
4  DEFENDANT: WHAT MY ATTORNEY HAS SAID IS WHAT I
5 WANTED TO BRING UP.
6  THE COURT: OKAY.
7  MR. MCCOPPIN: YOUR HONOR, IF I COULD BE HEARD ON
8 THE FINE ISSUE AT THE APPROPRIATE TIME?
9  THE COURT: ALL RIGHT, SIR. GO AHEAD.
10  MR. MCCOPPIN: YOUR HONOR, WHAT I UNDERSTAND IS THAT
11 THE ONLY MEASURABLE ASSET THAT THE DEFENDANT MAY HAVE SOME
12 INTEREST IN IS THE FAMILY HOME AND THE ADJOINING FEW ACRES
13 THAT SURROUND IT.
14  I HAVE EVERY EXPECTATION THAT HIS WIFE HAS OR WILL
15 BE FILING DIVORCE PROCEEDINGS IN LOCAL DISTRICT COURT AND THAT
16 DISTRICT COURT JUDGE WILL HAVE FULL AUTHORITY TO GRANT
17 COMPLETE OWNERSHIP OF THE PROPERTY TO THE WIFE FOR THE CARE
18 AND MAINTENANCE OF HERSELF AND HER CHILDREN. I CAN'T
19 GUARANTEE THAT WILL HAPPEN, BUT IN MY EXPERIENCE WITH A PERSON
20 NOT A CITIZEN DOING SUBSTANTIAL FEDERAL TIME, POTENTIALLY TO
21 BE DEPORTED, THE STATE WILL, OR THE DISTRICT COURT JUDGE WILL
22 CONVEY ALL OF THE PROPERTY TO THE WIFE FOR THE FAMILY'S
23 BENEFIT.
24  TO THAT EXTENT, IF YOU DO CHOOSE TO IMPOSE A FINE, I
25 WOULD ASK YOU TO CONSIDER SOMETHING SUBSTANTIALLY SMALLER

1  BASED UPON HIS INCOME RATHER THAN SOME PROPERTY WHERE HE WILL
2  LIKELY HAVE NO INTEREST IN THE NEXT SIX MONTHS.
3          THE COURT: MS. WALKER.
4          MS. WALKER: YOUR HONOR, WITH REGARD TO THE
5  DEFENDANT'S FUTURE INTEREST IN THE PROPERTY, THAT'S IRRELEVANT
6  TO THIS MATTER. HE HAD INTEREST IN THE PROPERTY AT THE TIME
7  IN WHICH THE CRIMES WERE COMMITTED. THE NARCOTICS AND THE
8  WEAPONS WERE LOCATED WITHIN THIS HOME THAT IS AT ISSUE AT THIS
9  MOMENT, A HOME IN WHICH HE DID HAVE INTEREST AT THE TIME OF
10 THE COMMISSION OF THE CRIME.
11         YOUR HONOR, I WOULD POINT YOU TO PAGE SEVEN OF THE
12 PRESENTENCE REPORT PREPARED BY PROBATION. IN PARAGRAPH 31,
13 YOU WILL NOTE THAT THIS DEFENDANT FILED JOINT INCOME TAX
14 RETURNS WITH HIS WIFE IN WHICH HE CLAIMED INCOME OF $20,000,
15 $16,000, $30,000 AND THEN $12,000, IN EACH CONSECUTIVE YEAR.
16         YOUR HONOR, THE PROPERTY LOCATED HAS A TAX VALUE OF
17 WELL OVER $350,000. IT'S THE GOVERNMENT'S POSITION THAT
18 WITHOUT THE PROCEEDS OF THE NARCOTICS ACTIVITY BY THIS
19 DEFENDANT THAT THE PURCHASE OF THAT LAND AND THAT REAL
20 PROPERTY WOULD NOT BE POSSIBLE. AND, THEREFORE, IT IS
21 APPROPRIATE TO LEVY A FINE TO RECOUP THOSE PROCEEDS FROM THAT
22 DRUG ACTIVITY.
23         THE COURT: IS THERE ANYTHING YOU WOULD LIKE TO SAY
24 BEFORE THE COURT IMPOSES SENTENCE, MR. SANCHEZ?
25         DEFENDANT: I HAVE BEEN LIVING IN THIS COUNTRY FOR

18 YEARS. I HAVE ALWAYS WORKED AND PAID MY TAXES. I HAVE NEVER REQUESTED MONEY FROM A BANK, I WOULD ALWAYS HAVE FUNDS TO WORK WITH, AND I HAVE PROOF OF MONEY THAT I HAVE EARNED.

MR. MCCOPPIN: IS THERE ANYTHING ELSE YOU WOULD LIKE SAY?

DEFENDANT: (SHAKES HEAD.)

THE COURT: ALL RIGHT, SIR.

DEFENDANT: AND PLEASE FORGIVE ME FOR THE MATTER IN WHICH I HAVE BEEN INVOLVED. I HAVE MADE A MISTAKE.

MR. MCCOPPIN: THANK YOU, YOUR HONOR.

THE COURT: LET'S SEE.

(PAUSE.)

THE COURT: DAVID, LET ME SEE YOU JUST A SECOND.

(COURT CONFERS WITH PROBATION OFFICER.) (PAUSE.)

THE COURT: EXCEPT AS HERETOFORE STATED, THE COURT FINDS THE BASES FOR THE FINDINGS CONTAINED IN THE PRESENTENCE REPORT CREDIBLE AND RELIABLE AND, THEREFORE, THE COURT ADOPTS THOSE FINDINGS.

BASED ON THOSE FINDINGS THE COURT HAS CALCULATED THE IMPRISONMENT RANGE PRESCRIBED BY THE ADVISORY SENTENCING GUIDELINES. THE COURT HAS CONSIDERED THAT RANGE AS WELL AS OTHER RELEVANT FACTORS SET FORTH IN THE ADVISORY GUIDELINES AND THOSE SET FORTH IN 18 UNITED STATES CODE SECTION 3553(a).

PURSUANT TO THE SENTENCING REFORM ACT OF 1984, IT IS THE JUDGEMENT OF THE COURT THAT THE DEFENDANT IS HEREBY

COMMITTED TO THE CUSTODY OF THE BUREAU OF PRISONS TO BE IMPRISONED FOR A TERM OF 37 MONTHS ON COUNT ONE AND A TERM OF 60 MONTHS ON COUNT FOUR TO BE SERVED CONSECUTIVELY, PRODUCING A TOTAL TERM OF 97 MONTHS.

PURSUANT TO THE PLEA AGREEMENT, COUNTS TWO AND THREE ARE HEREBY DISMISSED.

UPON RELEASE FROM IMPRISONMENT THE DEFENDANT SHALL BE PLACED ON SUPERVISED RELEASE FOR A TERM OF FIVE YEARS. THIS TERM CONSISTS OF A TERM OF THREE YEARS ON COUNT ONE AND A TERM OF FIVE YEARS ON COUNT FOUR. SUCH TERMS TO RUN CONCURRENTLY.

WITHIN 72 HOURS OF RELEASE FROM THE CUSTODY OF THE BUREAU OF PRISONS, THE DEFENDANT SHALL REPORT IN PERSON TO THE PROBATION OFFICE IN THE DISTRICT TO WHICH HE IS RELEASED.

WHILE ON SUPERVISED RELEASE, THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME, AND SHALL NOT ILLEGALLY POSSESS A CONTROLLED SUBSTANCE. THE DEFENDANT SHALL NOT POSSESS A FIREARM OR DESTRUCTIVE DEVICE.

FURTHER, THE DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT AND SHALL COMPLY WITH THE FOLLOWING ADDITIONAL CONDITIONS; UPON COMPLETION OF THE TERM OF IMPRISONMENT, THE DEFENDANT IS TO BE SURRENDERED TO A DULY AUTHORIZED IMMIGRATION OFFICIAL FOR DEPORTATION IN ACCORDANCE WITH ESTABLISHED PROCEDURES PROVIDED BY THE IMMIGRATION AND NATURALIZATION ACT.

1   AS A FURTHER CONDITION OF SUPERVISED RELEASE, IF
2 ORDERED DEPORTED, THE DEFENDANT SHALL REMAIN OUTSIDE OF THE
3 UNITED STATES.

4   THE DEFENDANT SHALL PARTICIPATE AS DIRECTED IN A
5 PROGRAM APPROVED BY THE PROBATION OFFICER FOR THE TREATMENT OF
6 NARCOTIC ADDICTION, DRUG DEPENDENCY OR ALCOHOL DEPENDENCY,
7 WHICH WILL INCLUDE URINALYSIS TESTING OR OTHER DRUG DETECTION
8 MEASURES, AND WHICH MAY REQUIRE A RESIDENCE OR PARTICIPATION
9 IN A RESIDENTIAL TREATMENT FACILITY.

10   HE SHALL ABSTAIN FROM THE USE OF ANY ALCOHOLIC
11 BEVERAGES.  SHALL NOT ASSOCIATE WITH INDIVIDUALS CONSUMING
12 ALCOHOLIC BEVERAGES.  SHALL NOT FREQUENT BUSINESS
13 ESTABLISHMENTS WHOSE PRIMARY PRODUCT TO THE CONSUMER IS
14 ALCOHOLIC BEVERAGES AND SHALL NOT USE ANY MEDICATION
15 CONTAINING ALCOHOL WITHOUT THE PERMISSION OF THE PROBATION
16 OFFICE OR A PRESCRIPTION FROM A LICENSED PHYSICIAN.

17   HE SHALL CONSENT TO A WARRANTLESS SEARCH BY A UNITED
18 STATES PROBATION OFFICER OR AT THE REQUEST OF SUCH OFFICER OR
19 ANY OTHER LAW ENFORCEMENT OFFICER OF HIS PERSON AND PREMISES
20 INCLUDING ANY VEHICLE TO DETERMINE COMPLIANCE WITH THE
21 CONDITIONS OF THIS JUDGEMENT.

22   HE SHALL COOPERATE IN THE COLLECTION OF DNA AS
23 DIRECTED BY THE PROBATION OFFICER.

24   IT'S FURTHER ORDERED THE DEFENDANT SHALL PAY THE
25 UNITED STATES A SPECIAL ASSESSMENT OF $200 AND ALSO A FINE OF

1  $350,000, WHICH SHALL BE DUE IMMEDIATELY.
2          ALTHOUGH, THE PROVISIONS OF THE VICTIM PROTECTION
3  ACT -- VICTIM AND WITNESS PROTECTION ACT ARE APPLICABLE IN
4  COUNT FOUR, AS THERE WAS NO IDENTIFIABLE VICTIM ASSOCIATED
5  WITH THIS OFFENSE RESTITUTION IS WAIVED.
6          DENIAL OF FEDERAL BENEFITS IS NOT APPLICABLE IN VIEW
7  OF THE DEFENDANT'S COOPERATION.
8          MR. SANCHEZ, YOU CAN APPEAL YOUR CONVICTION IF YOU
9  BELIEVE THAT YOUR GUILTY PLEA WAS SOMEHOW UNLAWFUL OR
10 INVOLUNTARY OR IF THERE'S SOME OTHER FUNDAMENTAL DEFECT IN THE
11 PROCEEDINGS THAT WAS NOT WAIVED BY YOUR GUILTY PLEA.
12         YOU ALSO HAVE A STATUTORY RIGHT TO APPEAL YOUR
13 SENTENCE UNDER CERTAIN CIRCUMSTANCES, PARTICULARLY IF YOU
14 THINK THE SENTENCE IS CONTRARY TO LAW.
15         HOWEVER, A DEFENDANT MAY WAIVE THOSE RIGHTS AS PART
16 OF A PLEA AGREEMENT AND YOU HAVE ENTERED INTO A PLEA AGREEMENT
17 WHICH WAIVES SOME OR ALL OF YOUR RIGHTS TO APPEAL THE SENTENCE
18 ITSELF.
19         SUCH WAIVERS ARE GENERALLY ENFORCEABLE, BUT IF YOU
20 BELIEVE THE WAIVER IS UNENFORCEABLE YOU CAN PRESENT THAT
21 THEORY TO THE APPELLATE COURT.
22         WITH FEW EXCEPTIONS, ANY NOTICE OF APPEAL MUST BE
23 FILED WITHIN TEN DAYS OF THE JUDGMENT BEING ENTERED ON THE
24 DOCKET IN YOUR CASE.
25         IF YOU'RE UNABLE TO PAY THE COSTS OF AN APPEAL, YOU

1 MAY APPLY FOR LEAVE TO APPEAL IN FORMA PAUPERIS.  IF YOU SO
2 REQUEST, THE CLERK OF COURT WILL PREPARE AND FILE A NOTICE OF
3 APPEAL ON YOUR BEHALF.
4 　　　　THANK YOU, MR. MCCOPPIN.
5 　　　　MR. MCCOPPIN:  THANK YOU, YOUR HONOR.
6 　(WHEREUPON, THESE PROCEEDINGS CONCLUDED AT 9:20 A.M.)

　　　　I CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF SAID PROCEEDINGS.

/s/ STACY SCHWINN　　　　　　　　　　　　　　4/12/10
STACY SCHWINN, CCR, CVR　　　　　　　　　　　DATE