UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-176-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RODOLFO PUGA SANCHEZ, | ) | |
| Defendant. | ) | |

This matter is before the court on *pro se* Defendant's Motion for Return of Property [DE-53] pursuant to Fed.R.Crim.P. 41(g). The government has filed a Response [DE-56]. This matter is now ripe for adjudication.

## I. BACKGROUND

On July 30, 2007, the Fuquay-Varina Police Department seized $14,079.00 in U.S. Currency ("Currency"), a 1999 Cadillac Deville ("Cadillac") and several items of contraband including illegal drugs and weapons during the arrest of Defendant. On June 11, 2008, Defendant was charged in a four-count indictment alleging one count of possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), two counts of an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5) and 924, and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Pursuant to a plea agreement, filed on January 5, 2009, Defendant pled guilty to count one and four of the indictment. On June 8, 2011, Defendant filed this instant motion seeking return of the Currency and Cadillac under Fed.R.Crim.P. 41(g).

The Government contends that on August 6, 2007, a federal forfeiture action was initiated pursuant to 21 U.S.C. § 881 for both the Currency and the Cadillac. The Government, through submission of a written declaration by Lawrence A. D'Orazio, the acting forfeiture counsel of the Drug Enforcement Administration, provides that adequate written notices of the seizure for each asset were provided by certified mail to Rodolfo Puga Sanchez at 295 Rollins Road, Fuquay-Varina, North Carolina, in compliance with 19 U.S.C. §1607(a) and 18 U.S.C. §983(a). Moreover, the Government also claims that both notices were received and signed for, one by "Rodolfo Puga Sanchez" and the other by "D. Sanchez." Moreover, the notices were also published once each week for three consecutive weeks in *The Wall Street Journal*, a newspaper of general circulation in the Eastern District of North Carolina. The Government further provides that the published and mailed notices, pursuant to 18 U.S.C. § 983(a), each explained the requirement of filing a claim in order to contest the forfeiture and also indicated that the deadline to file the claim was September 28, 2007, or if the mailed notice was not received, October 25, 2007. On November 7, 2007, DEA forfeited the Cadillac and Currency pursuant to 19 U.S.C. § 1609 as no claims had been filed within the deadlines provided.

## II. ANALYSIS

The district courts do not have jurisdiction to address claims of ownership of property during the pendency of administrative forfeiture proceedings. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Once the administrative forfeiture is completed, district courts retain jurisdiction to review the forfeiture to determine compliance with due process and procedural requirements. *Id.* at 474 n.4. Here, although Defendant argues, in his motion, that there was no

2

Case 5:08-cr-00176-F Document 57 Filed 08/16/11 Page 2 of 3

initiation of a federal forfeiture action, the Government provides evidence that an administrative forfeiture proceeding was indeed initiated on August 6, 2007. Where the Government initiates such an action, the court is divested of jurisdiction over the proceeding and remains without jurisdiction unless the claimant files a timely claim. Because the record discloses that Defendant failed to timely contest the administrative forfeiture of the Currency and Cadillac, this court lacks jurisdiction to allow Defendant's motion. Furthermore, although this court may review completed forfeitures only to determine compliance with due process and procedural requirements, Defendant raises no such due process or procedural challenge, but instead only argues that there was no initiation of a federal forfeiture proceeding. Accordingly, Defendant's Motion for Return of Property [DE-53] is **DENIED**.

### III. CONCLUSION

Based on the aforementioned rationale, Defendant's Motion for Return of Property [DE-53] is **DENIED**.

SO ORDERED.

This the 16th day of August, 2011.

_____
JAMES C. FOX
Senior United States District Judge