UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-176-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| RODOLFO PUGA SANCHEZ, | ) | |
| Defendant. | ) | |

This matter is before the court on the *pro se* Motion for Reconsideration[1] [DE-62] filed by Defendant Rodolfo Puga Sanchez ("Sanchez").

On January 17, 2012, Sanchez filed the Motion Requesting All Discovery Material [DE-58] pursuant to *Giglio v. U.S.*, 405 U.S. 150 (1972). In the motion, Sanchez specifically claimed that the Government "has never release any Discovery Materials to the defense prior to pre-trial, Rule 11 proceedings, nor at sentencing or post-sentencing." [DE-58], p. 1. The court subsequently directed the Government to file a response to Defendant's motion. *See* [DE-59]. In its Response [DE-60], the Government states that all discovery materials were sent to counsel[2] for Sanchez on three separate occasions. *See* [DE-60], p. 1. As proof, the Government submitted three exhibits, each of which are letters addressed to Sanchez's counsel indicating the release of discovery material. *See* [DE-60], Ex. A-C. The Government claims that the discovery materials provided encompass

---

[1] On March 16, 2012, Sanchez submitted a document titled "Opposition to District Court's Ruling Upon Motion for Discovery Materials Requested" opposing the court's denial of his Motion Requesting All Discovery Material [DE-58].

[2] Initially, Sanchez was appointed Joseph H. Craven to represent him during his criminal proceedings. Subsequently, the court allowed Craven's Motion to Withdraw as Attorney [DE-18] as Sanchez retained the services of R. Andrew McCoppin.

the entire discovery of this case. *See* [DE-60], p. 1. Upon review of the record, a Rule 11 hearing was conducted on January 5, 2009, in which Sanchez entered into a plea agreement upon indicating that he had sufficient time to review and discuss this case with his attorney. *See* [DE-22]. Based on the foregoing, the court denied Sanchez's request on February 28, 2012. *See* [DE-61].

Now, Sanchez has filed this instant Motion for Reconsideration [DE-62] claiming that he "opposes the manner which the this Court resolved the motion since the United States of America ("Respondent") did not forwarded copy of its Response to him." Sanchez further claims that because he did not receive a copy of the Government's Response to his motion, that "affect[ed] his appropriate and timely notification to this Court that no such Discovery Materials was forwarded to the Defense....[and this] is a violation of Defendant's due process right because he has an interest to defend against false claims which the Court's Order was resolved thereupon."

Here, even if the Response [DE-60] filed by the Government was provided to Sanchez and he had an opportunity to respond, it would not have changed the court's decision regarding the Motion Requesting All Discovery Material [DE-58]. Although Sanchez previously alleged and continues to argue that his counsel was never provided all of the discovery materials at any time, the Government has already submitted several exhibits of letters written to his counsel confirming that all discovery materials were indeed provided. *See* [DE-60], Ex. A-C. Sanchez fails to provide any evidence to rebut such contentions by the Government. Accordingly, Sanchez's Motion for Reconsideration [DE-62] is DENIED.

SO ORDERED.

This the 5th day of April, 2012.

_____
JAMES C. FOX
Senior United States District Judge

3