IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-00176-F-1
No. 5:13-CV-00064-F

| | | |
|---|---|---|
| RODOLFO PUGA SANCHEZ, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-76] Rodolfo Puga Sanchez's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-67, DE-70].[1] Also before the court is Sanchez's Motion for Relief [DE-80]. The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, and Sanchez's Motion for Relief is DISMISSED.

**Factual and Procedural Background**

On June 11, 2008, Sanchez was charged in a four-count indictment. *See* Indictment [DE-1]. In Count One, Sanchez was charged with possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). Count Two charged Sanchez with possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924. In Count Three, Sanchez was charged with possession of firearms by an illegal alien, in violation of 18 U.S.C. §§

---

[1] Sanchez's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-67], which was filed on January 28, 2013. On February 12, 2013, at the court's direction, Sanchez filed a "conforming" motion [DE-70].

922(g)(5) and 924. Finally, in Count Four, Sanchez was charged with possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

Sanchez's arraignment was held on January 5, 2009. [DE-22.] At his arraignment, pursuant to a written plea agreement [DE-23], Sanchez pled guilty to Count One and Count Four.

On April 14, 2009, Sanchez was sentenced. [DE-25.] Sanchez received 37 months' imprisonment for Count One, and he received 60 months' imprisonment for Count Four. *See* Judgment [DE-26]. The sentence imposed in Count Four was ordered to run consecutive to that imposed in Count One. Sanchez did not appeal his conviction or sentence.

Sanchez filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 28, 2013. [DE-67, DE-70.] In his § 2255 motion, Sanchez argues that in light of the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), his sentence and conviction are illegal. In its Motion to Dismiss, the Government contends that dismissal is warranted for the following reasons: (1) Sanchez's claim is barred by the waiver in his plea agreement; (2) Sanchez's claim is untimely; and (3) Sanchez's claim is not cognizable under *Simmons*.

## Discussion

### I. 2255 Motion

**Sanchez's Motion to Vacate Fails to State a *Simmons* Claim**

In *Simmons*, the Fourth Circuit Court of Appeals held en banc that a court must look to the maximum punishment that the particular offender could have received in determining whether a prior North Carolina conviction may serve as a predicate felony for federal sentencing purposes. *Simmons*, 649 F.3d at 243-46. In reaching its holding in *Simmons*, the Fourth Circuit

expressly overruled *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worse possible criminal history." *Id.* at 241 (quoting *Harp*, 406 F.3d at 246) (emphasis omitted).

In this case, Sanchez's prior criminal history includes only misdemeanors and several traffic violations.[2] Thus, Sanchez has *no* prior felony convictions that could have been invalidated by *Simmons*. Moreover, as noted above, Sanchez pled guilty to Count One (possession with intent to distribute a quantity of cocaine) and Count Four (possession of firearms in furtherance of a drug trafficking crime). Neither of these two crimes included a prior felony conviction as an element. Additionally, Sanchez did not receive an enhanced sentence based upon a prior felony conviction. Thus, *Simmons* is inapplicable to Sanchez's case.

## II. Motion for Relief

In his Motion for Relief, Sanchez argues that he is entitled to relief based upon a variety of bases.[3] [DE-80.] The court construes Sanchez's filing as a motion to amend his § 2255 motion to raise additional claims.

---

[2] Sanchez's Presentence Report ("PSR") reveals the following prior convictions: misdemeanor larceny; misdemeanor possession of ½ to 1½ ounces of marijuana; misdemeanor possession of drug paraphernalia; and misdemeanor carrying a concealed weapon. PSR ¶¶ 12-15. The PSR also reveals several traffic violations. PSR ¶ 16.

[3] Sanchez contends that he is entitled to relief based upon the following: Rule 60(b) of the Federal Rules of Civil Procedure; Rule 52(B) of the Federal Rules of Criminal Procedure; 5K3.1 ("Fast-Track"); U.S.S.G. Amendments §§ 739, 740, and 754; Due Process; and the Sixth Amendment. [DE-80.]

3

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 does not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). An otherwise untimely amendment may relate back to a timely-filed claim pursuant to Rule 15(c). *See Mayle v. Felix*, 545 U.S. 644, 664 (2005).

The court finds that Sanchez's motion to amend was not filed within one year of any of the circumstances set forth in § 2255(f). The motion to amend was filed more than one year after the judgment became final, and as such, the motion to amend is not timely under § 2255(f)(1). In addition, there is no allegation that the government impeded Sanchez's ability to file the motion

4

to amend. *See* 28 U.S.C. § 2255(f)(2). Moreover, Sanchez's motion is not based upon a newly recognized right made retroactively applicable by the Supreme Court. *See* 28 U.S.C. § 2255(f)(3). Finally, no new facts supporting the claims have been discovered. *See* 28 U.S.C. 2255(f)(4). The court further concludes that because the claims raised in the instant motion to amend bear no relationship in law or fact to the claims asserted in Sanchez's § 2255 motion, it is not possible that these new claims could relate back. Accordingly, Sanchez's Motion for Relief, which the court has construed as a motion to amend, is DISMISSED as time-barred.

**Conclusion**

For the foregoing reasons, the Government's Motion to Dismiss [DE-76] is ALLOWED, and Sanchez's § 2255 motion [DE-67, DE-70] is DISMISSED. Additionally, Sanchez's Motion for Relief [DE-80] is DISMISSED. The court concludes that Sanchez has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 2· day of April, 2014.

James C. Fox
Senior United States District Judge